IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| KINGSLEY IKE OGBOGU, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | No. 3:26-cv-3123-N-BN |
| | § | |
| UNITEDHEALTHCARE, | § | |
| | § | |
| Defendant | § | |

**MEMORANDUM OPINION AND ORDER**

Paying the fee to do so, Plaintiff Kingsley Ike Ogbogu filed a *pro se* complaint against Defendant UnitedHealthcare ("United") alleging claims under federal anti-discrimination laws. *See* Dkt. No. 3.

Senior United States District Judge David C. Godbey referred the lawsuit to the undersigned United States magistrate judge for pretrial management under 28 U.S.C. § 636(b) and a standing order of reference.

By paying the filing fee, Ogbogu assumed an obligation to properly serve each defendant with a summons and the complaint in compliance with Federal Rule of Civil Procedure 4 or (2) obtain a waiver of service from each defendant. *See generally* FED. R. CIV. P. 4 (setting forth procedures for serving various types of defendants and regarding waiver of service).

Ogbogu now moves for entry of default and default judgment against United, arguing that service as to this entity was proper. *See* Dkt. Nos. 8 & 11; *see also* Dkt. Nos. 5-7.

The Court DENIES Ogbogu's request for entry of default [Dkt. No. 8] for the

reasons explained below. *Cf. Nash v. FOXO Techs. Inc.*, 348 F.R.D. 210, 211 n.1 (S.D.N.Y. 2025) ("A motion to set aside entry of default is subject to disposition by a Magistrate Judge as a nondispositive pretrial motion under 28 U.S.C. § 636(b)(1)(A)." (citation omitted)); *Heaggins v. Thomas*, CV419-024, 2022 WL 22212530, at *2 n.1 (S.D. Ga. Mar. 21, 2022) (same; collecting cases).

This denial prevents consideration of a default judgment against United.

And the parties are ORDERED to meet and confer and file a joint status report as explained below.

**Discussion**

In this circuit, there is a required three-step procedure to obtain a default judgment: (1) default by the defendant; (2) entry of default by the Clerk of the Court; and (3) entry of default judgment by the district court. *See N.Y. Life Ins. Co. v. Brown*, 84 F.3d 137, 141 (5th Cir. 1996) (defining "the terms regarding defaults").

And, before a defendant can be considered in default under Federal Rule of Civil Procedure 55, the Court must confirm that it has jurisdiction over that defendant. *See Sys. Pipe & Supply, Inc. v. M/V Viktor Kurnatovskiy*, 242 F.3d 322, 324 (5th Cir. 2001) ("[T]he district court has an affirmative duty to look into its jurisdiction both over the subject matter and the parties." (quoting *Williams v. Life Savings & Loan*, 802 F.2d 1200, 1203 (10th Cir. 1986))).

Such personal jurisdiction must be obtained through proper service of process, which is "fundamental to any procedural imposition on a named defendant" and is therefore "the official trigger for responsive action by an individual or entity named

defendant." *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 350, 353 (1999).

"A federal court is without personal jurisdiction over a defendant unless the defendant has been served with process in accordance with Federal Rule of Civil Procedure 4." *Naranjo v. Universal Sur. of Am.*, 679 F. Supp. 2d 787, 795 (S.D. Tex. 2010) (citing *Omni Capital Int'l, Ltd. v. Rudolf Wolff & Co.*, 484 U.S. 97, 104 (1987), *superseded by statute on other grounds*, *see* FED. R. CIV. P. 4(k)(2)); *accord Pennie v. Obama*, 255 F. Supp. 3d 648, 658 (N.D. Tex. 2017).

So, "[w]hen a plaintiff fails to properly serve process on a defendant, the district court lacks personal jurisdiction over the defendant and any default judgment would be void." *Webster v. Kijakazi*, No. 21-50455, 2021 WL 4468889, at *3 (5th Cir. Sept. 29, 2021) (per curiam) (citing *Rogers v. Hartford Life & Accident Ins. Co.*, 167 F.3d 933, 940 (5th Cir. 1999)); *see also Rogers*, 167 F.3d at 937 ("[A] defendant can not make an appearance for purposes of Rule 55(b)(2) until after the plaintiff effects service and the defendant becomes susceptible to default.").

Here, Ogbogu insists that service on United was proper because "Plaintiff served Defendant via certified mail with return receipt requested to Defendant's registered corporate address…. The United States Postal Service confirms delivery on September 23, 2026…. The return receipt card … bears an 'X' in the 'Agent' category, confirming that an authorized agent accepted the mail on behalf of the corporation. The signature line may be difficult to read, but the legibility of a signature is not a statutory requirement for service – delivery and acceptance by an

authorized recipient are." *E.g.*, Dkt. No. 11 at 3.

Separating the factual content from the arguments set out above, even if the Court accepts the factual allegations as true and finds that they are supported by the record provided, Ogbogu has not shown that United was properly served.

"Service by mail is not expressly permitted by Federal Rule of Civil Procedure 4." *Caceres-Mejia v. Watson*, 718 F. App'x 307, 309 (5th Cir. 2018) (per curiam); *see also Gilliam v. Cnty. of Tarrant*, 94 F. App'x 230, 230 (5th Cir. 2004) (per curiam) (noting that "the use of certified mail is not sufficient to constitute 'delivering' under Rule 4" (citing *Peters v. United States*, 9 F.3d 344, 345 (5th Cir. 1993))).

Still, "an individual may be served by 'following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made.'" *Caceres-Mejia*, 718 F. App'x at 309 (quoting FED. R. CIV. P. 4(e)(1)); *see also* FED. R. CIV. P. 4(h)(1)(A).

And Texas law does contemplate the use of mail – more specifically, Texas law provides for service by registered or certified mail, with return receipt requested. *See* TEX. R. CIV. P. 106(a)(2) ("Unless the citation or an order of the court otherwise directs, the citation shall be served by any person authorized by [Texas Rule of Civil Procedure] 103 by mailing to the defendant by registered or certified mail, return receipt requested, a true copy of the citation with a copy of the petition attached thereto."); *see also Cross v. Grand Prairie*, No. 3:96-cv-446-P, 1998 WL 133143, at *6 (N.D. Tex. Mar. 17, 1998) ("Although Rule 4(e)(1) authorizes service pursuant to Texas law, absent prior authorization by the trial court, the only methods of service

permitted in Texas are service in person or by registered mail." (citing TEX. R. CIV. P. 106(a))).

But it still matters who serves the defendant by mail, as neither Rule 4 nor Texas's rules allow a party to serve a defendant. *See* FED. R. CIV. P. 4(c)(2) ("Any person who is at least 18 years old and not a party may serve a summons and complaint."); TEX. R. CIV. P. 103.

And under Texas's rules,

> Texas Rule of Civil Procedure 106, process may be served by any person authorized by [Texas] Rule 103 by "mailing to the defendant by registered or certified mail, return receipt requested, a true copy of the citation with a copy of the petition attached thereto." Texas Rule 103 explicitly requires that process be served by "(1) any sheriff or constable or other person authorized by law, (2) any person authorized by law or by written order of the court who is not less than eighteen years of age, or (3) any person certified under order of the Supreme Court." TEX. R. CIV. P. 103. Rule 103 also states that service by certified mail must be effected by the clerk of the court, if requested, and that "no person who is a party to or is interested in the outcome of a suit may serve any process in that suit." TEX. R. CIV. P. 103; *see also* FED. R. CIV. P. 4(c)(2).

*Carter v. EZ Flo Int'l*, No. 6:22-CV-00094-JDK, 2022 WL 17541407, at *7 (E.D. Tex. Sept. 2, 2022), *rec. adopted*, 2022 WL 17091857 (E.D. Tex. Nov. 21, 2022).

The proof of service offered by Ogbogu does not reflect that the certified mailing was done by an authorized person where the name provided is Chelesa Ogbogu and there is no title provided. *See, e.g.*, Dkt. No. 6 at 1.

Texas law also requires that particular information be included in the return of service, such as the address served and the date of service or attempted service, *see* TEX. R. CIV. P. 107(b), and "when certified mail has been selected as the method of service, Texas law further requires that the return receipt be signed by the

addressee," *Lucky v. Haynes*, No. 3:12-cv-2609-B, 2013 WL 3054032, at *3 (N.D. Tex. June 18, 2013) (citing TEX. R. CIV. P. 107(c); *Keeton v. Carrasco,* 53 S.W.3d 13, 19 (Tex. App. – San Antonio 2001, pet. denied)); *accord Carter*, 2022 WL 17541407, at *7.

And maybe the return provided here meets these requirements. *See* Dkt. No. 6-1.

But where the defendant served is a corporation, Texas law requires more.

In general, a domestic or foreign corporation, a partnership, or other unincorporated association (like United) "may be served 'in the manner prescribed by Rule 4(e)(1) for serving an individual,' 'following state law for serving a summons.'" *CT Cash LLC v. Anns Boys Logistics Inc.*, No. 3:23-cv-788-S, 2023 WL 8816379, at *4 (N.D. Tex. Dec. 19, 2023) (quoting FED. R. CIV. P. 4(h)(1)(A); (e)(1)).

And, so, service on United "may be made on the corporation's registered agent, president, or any vice president." *Paramount Credit, Inc. v. Montgomery*, 420 S.W.3d 226, 230 (Tex. App. – Houston [1st District] 2013, no pet.) (citing TEX. BUS. ORGS. CODE §§ 5.201(b), 5.255(1)).

Texas law "requires strict compliance with [all] conditions" applicable to service on a corporation. *Id.*

So, for example, "if [a] court cannot determine from the face of the record the address at which service was attempted or the individual upon whom service was attempted, a default judgment obtained after service on the Secretary of State cannot stand, even if a corporation has failed to designate and maintain a registered agent

and registered office." *Id.* (citation omitted).

And, so, where Ogbogu admits that it's not clear who signed for United, that deficiency further shows that service was not proper under applicable law.

**Conclusion**

In sum, because Ogbogu fails to show that United was properly served, the Court has not obtained jurisdiction over this entity, and it cannot be considered in default under Rule 55. Ogbogu's motion requesting entry of default [Dkt. No. 8] is therefore DENIED.

Further, considering the response to Ogbogu's request for entry of default [Dkt. No. 10], it's possible (1) that Ogbogu may be represented by counsel who have not appeared in this matter (and so do not represent him before the Court); (2) that United was not Ogbogu's employer (and, so, United is not the correct defendant as to these claims); and (3) that the service issues may be resolved cooperatively (and without judicial intervention) through waiver under Rule 4(d).

And, so, the Court ORDERS Ogbogu and counsel for Optum Services, Inc. appearing in this case, Sherry L. Travers, *see* Dkt. Nos. 9 & 10, to confer in person, by telephone, or over an online platform such as Zoom not later than **November 9, 2026** to discuss resolution of the service issues in this case identified in Optum's response and this order.

Ms. Travers must initiate this conference.

And, by **November 16, 2026**, Ms. Tavers must file on behalf of the parties a joint status report documenting the parties' conference.

And Ogbogu is CAUTIONED that failure to participate in this process could be considered a failure to obey an order of the Court and a failure to prosecute this lawsuit, both of which would support dismissal of this lawsuit without prejudice under Federal Rule of Civil Procedure 41(b).

Rule 41(b) "authorizes the district court to dismiss an action sua sponte for failure to prosecute or comply with [a Federal Rule of Civil Procedure or] a court order." *Griggs v. S.G.E. Mgmt., L.L.C.*, 905 F.3d 835, 844 (5th Cir. 2018).

This warning may itself be considered a lesser sanction for any failure to prosecute and comply with the Court's order. *See McNeal v. Papasan*, 842 F.2d 787, 793 (5th Cir. 1988) ("In *Rogers* [*v. Kroger Co.*, 669 F.2d 317 (5th Cir. 1982)], we suggested that '[a]ssessments of fines, costs, or damages against the plaintiff or his counsel, attorney disciplinary measures, conditional dismissal, dismissal without prejudice, and explicit warnings are preliminary means or less severe sanctions that may be used to safeguard a court's undoubted right to control its docket.' 669 F.2d at 321-22.").

SO ORDERED.

DATED: October 23, 2026

DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE